**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Maurillo ROJAS–MILLAN,
Defendant—Appellant.**

No. 01–10377.

D.C. No. CR–98–00024–DWH.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 19, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM**

Maurillo Rojas–Millan appeals his 151-month sentence imposed following our remand for resentencing in *United States v. Rojas–Millan,* 234 F.3d 464 (9th Cir.2000). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Rojas–Millan contends that the district court erred under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), by imposing a sentence based on an unproven quantity of methamphetamine.

The statutory maximum for an unspecified amount of methamphetamine is twenty years. *See* 21 U.S.C. § 841(b)(1)(C). Because Rojas–Millan's 151-month sen-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tence was substantially less than the statutory maximum, the Supreme Court ruling in *Apprendi* is not implicated. *See United States v. Hernandez–Guardado,* 228 F.3d 1017, 1027 (9th Cir.2000).

Rojas–Millan also contends that the term "statutory maximum" refers to the maximum provided for by the sentencing guidelines. He is mistaken. *See United States v. Pearson,* 274 F.3d 1225, 1234 n.9 (9th Cir.2001) (stating that "statutory maximum" refers to the maximum term set by Congress, not the sentencing guidelines). Accordingly, the district court did not err in its imposition of sentence.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.